52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles E. FINGERS, Plaintiff-Appellant,
v.
MCDONNELL DOUGLAS HELICOPTER COMPANY; MCDONNELL DOUGLAS
CORPORATION, Defendants-Appellees.
 No. 93-55819.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Fingers brought numerous claims against his employer, McDonnell Douglas Helicopter Company ("MDHC"), and its owner, McDonnell Douglas Corporation ("MDC"), alleging discrimination, retaliation, and intentional infliction of emotional distress. The district court granted summary judgment for the defendants. We affirm.
 
 
 3
 * Fingers was employed by MDHC as a turret lathe machinist from May 7, 1984 to November 22, 1991. Fingers filed numerous grievances while he worked for MDHC, often alleging racial discrimination. In August 1990, Mike Herle became Fingers' immediate supervisor. Herle and Fingers did not get along. Fingers claims that Herle harassed him on account of his race.
 
 
 4
 From approximately February 1991 to November 1992, Herle claimed to have observed numerous problems in Finger's work performance. Herle alleged that Fingers' production was inconsistent. On June 11, 1991, Herle issued plaintiff a written warning for careless and inefficient performance of duties. Herle also disciplined Fingers for falsifying company documents when Fingers certified that his work had been accurately done, when it allegedly had not been. At about this time Fingers claims to have told Herle that due to his diabetes, he was having trouble with his vision. Several times that month, Herle allegedly threatened Fingers with discharge after observing Fingers remove his safety goggles to check the accuracy of his work.
 
 
 5
 Fingers received a three-day suspension in August 1991 when he was assigned to make forty bushings, yet only three were deemed acceptable. Again, Fingers allegedly certified that the parts were within the allowable dimensions when they were not.
 
 
 6
 Finally, on November 6, 1991, Fingers was assigned to make seventy small washers. An inspector determined that more than half the parts were outside the allowable dimensions, though Fingers certified otherwise. Fingers was then requested to inspect the parts himself. Fingers again indicated that the parts were within tolerance. As part of this investigation, the parts made by Fingers were inspected by two other employees, one chosen by the Union, the other by MDHC. Both employees determined that only 50% of the parts were within the allowed tolerances.
 
 
 7
 Consequently, on November 22, 1991, MDHC discharged Fingers for violating two work rules: falsification of company documents and careless or inefficient performance of duties. Fingers filed a grievance. At the arbitration hearing on the grievance, Fingers testified that he was discriminated against on the basis of his race and his diabetes (and accompanying vision problems), and that he was sexually harassed by a co-worker, Lamar Thompson. The arbitrator concluded that Fingers' errors were probably caused by vision problems relating to his diabetes. Consequently, the arbitrator determined that Fingers' termination was not for just cause because MDHC had not established that Fingers intentionally manufactured defective parts or falsified the company documents. The arbitrator concluded, however, that Fingers' claims of discrimination and retaliation were inconclusive.
 
 
 8
 While Fingers' grievance was pending, MDHC implemented a reduction in force allegedly for economic reasons. Under the collective bargaining agreement, layoffs were strictly by seniority. Fingers, another more senior co-worker, and two less senior co-workers in Fingers' division were selected for layoff. More layoffs have occurred since then, and the entire facility was scheduled to close in 1994. Thus, Fingers was not reinstated; however, he received full back pay up to the date of his layoff.
 
 
 9
 On March 30, 1992, Fingers filed a complaint against MDHC and MDC in the Superior Court of California. On April 29, 1992, the defendants removed the action to federal court. In his first amended complaint, Fingers alleged wrongful termination; discrimination based on race, sex, and physical handicap; and intentional infliction of emotional distress. On March 22, 1993, the defendants moved for summary judgment, and the district court granted the motion.
 
 
 10
 The district court supported its grant of summary judgment with several reasons. As for Fingers' wrongful termination claim, the district court found that summary judgment was appropriate because Fingers adduced no evidence in support of that claim.
 
 
 11
 The district court found that the defendants were entitled to summary judgment as to Fingers' second cause of action for race, sex, and physical handicap discrimination because Fingers failed to file the requisite administrative complaint with the California Department of Fair Employment and Housing or the EEOC on the issue of retaliatory discharge and denial of promotions. In addition, the district court held that the evidence Fingers presented "cannot establish a prima facie case of discrimination" and that his sexual harassment claim and handicap discrimination claim also have no merit.
 
 
 12
 Finally, the district court held that Fingers' claim for intentional infliction of emotional distress was preempted by the California Workers' Compensation Act.
 
 
 13
 As to all the claims, the district court noted that the defendants would be entitled to summary judgment because Fingers had failed to raise a genuine issue of material fact and because the claims are preempted by section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. Sec. 185.
 
 II
 
 14
 Summary judgment is appropriate if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Silverball Amusement, Inc. v. Utah Home Fire Ins. Co., 33 F.3d 1476, 1484 (9th Cir.1994). We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). However, we may affirm the district court's grant of summary judgment on any ground supported by the record. Silverball, 33 F.3d at 1484.
 
 
 15
 On appeal, Fingers challenges only the district court's finding that section 301 of the LMRA preempts his claims. We have no cause to decide that issue, however, because we affirm on the district court's alternative basis for summary judgment. Fingers has not presented any evidence to create a material issue of fact.
 
 
 16
 In his deposition, when asked what evidence he had that his termination was race-based, sex-based or in retaliation for his filing of grievances, Fingers pointed only to his "gut feelings." Fingers candidly admitted that his termination was not due to his diabetes or eye problems. And Fingers has presented no evidence to support his claim for intentional infliction of emotional distress.
 
 
 17
 Accordingly, the district court's grant of summary judgment to the defendants is
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3